COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-04-470-CR

 

 

ALTON THOMAS                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 235TH
DISTRICT COURT OF COOKE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

A
jury convicted Alton Thomas of aggravated assault with a deadly weapon.  In two issues, Thomas complains that the
trial court erred in permitting a punishment-phase witness to testify and by
allowing extraneous offense testimony during the punishment phase of the trial.









Kenneth
Jackson testified that as he walked home from running an  errand for a friend, Thomas pulled up in his
truck beside Jackson and asked him: ANigger, do you want to feel the pain?@ 
He stated that Thomas then began to shoot at him.  Jackson was shot in the hand and in the
abdomen.  Thomas attempted to shoot
Jackson in the leg but missed.  Jackson
stated that he did not know why Thomas had shot him and that he had never had
an argument with Thomas.  At the scene,
Jackson told a police officer that Thomas had shot him.  Thomas was later arrested and charged with
aggravated assault. 








In
Thomas=s first issue, he contends that
the trial court erred in permitting a punishment-phase witness to testify about
extraneous offenses because the witnesses=s name was not listed on the State=s witness list pursuant to the
court=s order.  If a witness=s name is not furnished to a defendant before trial despite a court
order, any error in allowing that witness to testify over a defendant=s claim of surprise is made
harmless by the defendant=s failure to move for a
continuance in order to interview the witness or determine the matters about
which the witness is about to testify. 
See Barnes v. State, 876 S.W.2d 316, 328 (Tex. Crim. App.), cert.
denied, 513 U.S. 861 (1994).  Here,
Thomas timely objected on the ground of surprise, which objection was denied.
However, he did not request a continuance to interview the witness or
investigate matters about which he was to testify.  Failing to do so, he cannot now be heard to complain.  Id. 
We overrule Thomas=s first issue.

In
Thomas=s second issue, he asserts that
the trial court erred by overruling his objection to testimony of extraneous
offenses during the punishment phase of the trial because a defendant cannot be
tried for being a criminal generally. 
But article 37.07, section 3(a)(1) of the Texas Code of Criminal
Procedure provides that extraneous offense evidence is admissible at
punishment.  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (Vernon Supp.
2004-05).  Accordingly, we overrule
Thomas=s second issue.

Having
overruled both of Thomas=s issues, we affirm the trial
court=s judgment.

 

 

PER CURIAM

 

PANEL F:    MCCOY,
GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED: October 20, 2005

 

 

 

 

 

 

 








 

 

 

 

 











[1]See Tex.
R. App. P. 47.4.